IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| CHRISTOPHER CORVIN, | ) |
| *Plaintiff,* | ) JURY DEMAND |
| | ) |
| v. | ) DOCKET NO.: 14C1396 |
| | ) |
| CORRECTIONS CORPORATION | ) |
| OF AMERICA, INC., and | ) |
| | ) |
| HAMILTON COUNTY GOVERNMENT, | ) DIVISION: _____ |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Comes the Plaintiff, Christopher Corvin, by and through counsel, and for his cause of action against Defendants, Corrections Cooperation of America, Inc., and Hamilton County Government would respectfully show as follows:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983 and 1988 to redress the deprivation of rights secured to the Plaintiff by the Eighth, and Fourteenth Amendments to the United States Constitution and redress of violations of the common laws of the State of Tennessee of the Defendants.

2. Plaintiff avers that the unidentified or not fully identified employees for Corrections Corporation of America, Inc., ("CCA") subjected the Plaintiff to cruel and unusual punishment without the due process of law.

3. In addition, Plaintiff avers that the unknown employees of CCA humiliated, and tortured the Plaintiff by their failure to render aid to the Plaintiff, by leaving

1

Plaintiff in a cell with an unstable cellmate while said cellmate had a deadly weapon.

4. Plaintiff also maintains that the employees of CCA committed these violations and torts as a result of policies, customs, and/or procedures of CCA.

5. Plaintiff avers that employees of CCA subjected Plaintiff to mental anguish and emotional distress, and maliciously refused to assist the Plaintiff when the Plaintiff was severely and grievously injured, and maliciously refused to assist the Plaintiff when he was seriously wounded in his cell.

6. Plaintiff avers that Hamilton County Government ("County") contracted with co-defendant CCA to perform and carry out the goals and duties of the County pursuant to Title 41 of the Tennessee Code Annotated, and hence the agents of CCA committed these violations and torts as a result of policies, practices, and/or procedures of the County.

7. Plaintiff avers that the malicious refusals to assist Plaintiff with his basic medical needs by the employees of CCA with the oversight of the County were the direct and proximate cause of the Plaintiff's injuries.

## JURISIDICTION AND VENUE

8. This is an action to redress the deprivation of rights secured to the Plaintiff by the Eighth, and Fourteenth Amendments to the United States Constitution enforceable through 42 U.S.C § 1983. This Court is vested with original jurisdiction pursuant to the authority stated in *Haymond v. Drown.* 556 U.S. 729 (2009).

9. Venue is proper in this Court pursuant to *Tenn. Code Ann.* §20-4-102. All acts complained of occurred within Hamilton County.

10. Plaintiff is a resident of Rhea County.

2

11. County is a political sub-division of the State of Tennessee.

12. CCA is a for-profit corporation registered with the Tennessee Secretary of State to do business in the field of corrections and the primary place of business for purposes of this Complaint in Hamilton County, Tennessee at a public facility known alternatively as Silverdale ("Silverdale") of the "workhouse."

13. The County operates the Court of law and equity for the 11th Judicial Circuit.

## THE PARTIES

14. At all times relevant to this cause of action, County is a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

15. The County, through its commissioners, has charge to supervise and control the workhouse and all of its departments.

16. The County, through its commissioners, has a duty to render medical aid to inmates injured while housed in the workhouse; to ensure inmates with injuries receive proper medical treatment regardless whether or not they are serving an active sentence or pre-trial detention; to ensure that employees of CCA posted at the workhouse are properly trained to render aid to inmates injured while housed in the workhouse; and to regulate and control the workhouse in its existence of the County's business.

17. At all times relevant to this cause of action, CCA is an agent of the County Government ("County"). CCA is a state actor, contracted by the County to house inmates sentenced pursuant to Tennessee state law for term of incarceration not to exceed eleven months and twenty-nine days; to house pre-trial detainees for the municipal and county governments within Hamilton County; and to house detainees for the Government of the United States.

3

18. CCA specializes in the construction, designs, and management of prisons, jails, and detention facilities and the housing and transportation of inmates for municipal, county, and state governments, in particular, the County.

19. CCA manages males, females, and juveniles in all levels of security in its facilities for the County.

20. At all times relevant to this cause of action, CCA, with oversight by the County, is responsible for the creation and maintenance of Silverdale, which is a public detention facility that operates under the laws of the state of Tennessee state law and regulated by the laws of the State of Tennessee, specifically and pursuant to the Tennessee Private Prison Contracting Act of 1986 and Title 41 of the Tennessee Code Annotated as to:

    a. The training and certification of its employees.
    b. CCA has a duty to house inmates in a safe and appropriate manner; render medical aid to inmates injured while housed in the workhouse; to ensure inmates with injuries receive proper medical treatment regardless whether or not they are serving an active sentence or pre-trial detention; to ensure that employees of CCA posted in the workhouse are properly trained to render medical aid to inmates injured while housed in the workhouse.
    c. Plaintiff sues CCA in its official capacity and agent of the County and its "individual" capacity as a corporation.

21. At all times relevant to this cause of action, the employees described herein were employed by CCA and acted under the color of law, statute, ordinance, regulation, custom, practice, or usage for the County.

4

22. At all times relevant to this cause of action, CCA receives federal assistance for the housing and safe confinement of federal inmates or federal pretrial detainees.
    a. CCA houses and confines federal inmates or federal pretrial detainees in Silverdale where Plaintiff was housed.

## FACTUAL BASIS OF COMPLAINT

23. At all times relevant to this cause of action Plaintiff was held at Silverdale and served a sentence of confinement.
24. Plaintiff was not held as a prisoner or pre-trial detainee at the time he filed this lawsuit and thus he is not required to exhaust all state remedies under the Prisoner Litigation Reform Act prior to his initiation of this lawsuit.
25. On or about November 24, 2013 Plaintiff was housed in a cell in CCA with Robert Bryant.
26. On November 24, 2013 Plaintiff became aware that Robert Bryant, Plaintiff's cellmate, was becoming agitated and holding a lock in a sock, a weapon made by inmates which calls for the placement of a lock, or other heavy items, in a sock to be swung at someone one to cause serious injury.
27. Robert Bryant had also had a metal pipe in his possession.
28. Plaintiff saw Robert Bryant threatening two employees of CCA.
29. Robert Bryant was requesting to go to "G3" which is the segregation part of the jail.
30. Robert Bryant stated that he would "crash out on someone" if he wasn't allowed to go to G3.
31. Plaintiff, to the best of his knowledge and belief, saw Robert Bryant swinging the weapon in a circular motion while talking to CCA employees, Officer Cantrell

5

and Officer Trenton, and while Plaintiff was still inside the cell with Robert Bryant.

32. Plaintiff later was shown a video by Officer Camp that showed Robert Bryant threatening to hurt someone if his needs were not met.

33. CCA employees told an Officer who later responded to the scene that Robert Bryant was angry that CCA had not brought him any socks and underwear for five days.

34. CCA employees were aware of Robert Bryant's condition and his possession of a deadly weapon.

35. At some point, Robert Bryant assaulted Plaintiff with the deadly weapon.

36. Plaintiff tried to deflect the assault by shielding his face and head with his hands.

37. CCA employees took Plaintiff out of the cell to a corridor where Plaintiff was left for almost three hours.

38. Plaintiff was cuffed to a chair and while cuffed to the chair, Plaintiff began to lose large amounts of blood.

39. While Plaintiff sat in the corridor, CCA employees were looking for a camera so the Plaintiff could be escorted to the release and discharge area.

40. CCA employees found three different cameras but all were missing batteries.

41. Plaintiff believes that CCA employees during this time were attempting to follow policy by documenting the incident via means of a camera to take pictures and/or video of the scene.

42. An unidentified nurse at CCA began screaming at other CCA employees that Plaintiff needed an ambulance as soon as possible as a result of serious injury.

6

43. After almost three hours, CCA employees transported Plaintiff to the release and discharge area where Plaintiff became unconsciousness and regained consciousness in the back of an ambulance.
44. Robert Bryant's assault of the Plaintiff resulted in a charge of aggravated assault
45. The Hamilton County uniform arrest number for this incident is 13-042855.
46. Plaintiff was taken to Baroness Erlanger Emergency Department, via EMS, where he was admitted with injuries as a result of being hit in the head with a lock in a sock.
47. Baroness Erlanger Emergency Department reported Plaintiff had several hematomas, lacerations to Plaintiff's head and face, a headache, facial swelling, and the right middle finger was broken.
48. Plaintiff was diagnosed with a closed head injury, distal third phalanx fracture, multiple lacerations, and a right maxillary sinus fracture, periorbital contusion to right eye, and swelling to right distal third finger.
49. Plaintiff was referred to UT Erlanger Physicians Group for a follow up of his injuries.
50. CCA was given instructions that Plaintiff was to follow up with a plastic surgery clinic the next morning, be under twenty-four hours observation, and have daily wound checks.
51. Plaintiff was not taken to a plastic surgery clinic until ten days later.
52. On November 26, 2013, Plaintiff was admitted to Baroness Erlanger Emergency Department with complaints of increased blurred visions as a result of the injuries he sustained on November 24, 2013.
53. Plaintiff complained of increased blurred vision, pain, bleeding of his fingers, bleeding of the back of his head and confusion.

54. Plaintiff was given pain medication and given a referral to UT Physicians Group.
55. As a result of the incident that occurred on November 24, 2013, Plaintiff was transported to Baroness Erlanger Emergency Department December 3, 2013 after he had a seizure in his cell at CCA.
56. Baroness Erlanger Emergency Department noted that Plaintiff had recently been seen by Baroness Erlanger Emergency Department as a result of blunt trauma to the back of his head and zygomatic bone.
57. Plaintiff was diagnosed by Baroness Erlanger Emergency Department as having an altered mental status.
58. Plaintiff was told by Baroness Erlanger Emergency Department to follow up with his primary care physician in one to two days.
59. At no time did any of the individual CCA employees described herein aid Plaintiff.
60. The conduct of the individual CCA employees described herein constituted deliberate indifference to the needless misery, pain, and suffering of Plaintiff and was tantamount to cruel and unusual infliction of punishment without due process of law and indeed, torture.
61. At no time did CCA supervisory staff or County officials conduct an investigation of the events described herein other than the external criminal investigation of Robert Bryant.
62. The failure of the County and CCA to properly render aid in this matter and take action to help Plaintiff constituted deliberate indifference and was the actual and proximate cause of needless misery, pain and suffering of the Plaintiff and sole concern for CCA and the County was to protect interests of CCA and the interests of the County.

8

## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW UNDER 42 U.S.C §1983

63. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Plaintiff reasserts and incorporates ¶¶ 1-58.

64. The acts and omissions of CCA employees described herein were acts that demonstrated indifference to the like and safety of the Plaintiff and were the direct and proximate cause of Plaintiff's damages and needless suffering.

65. No reasonable person would have forced Plaintiff to be handcuffed to a chair while in need of serious medical help.

66. CCA employees described herein acted under color of law and their negligent and intentional acts deprived the Plaintiff of his right secured to him under the United States Constitution to be free from:

   a. Cruel and unusual punishment in violation of the Eighth Amendment without due process of law.

67. CCA, with oversight from the County, and the County, had a duty of care to the Plaintiff to ensure that its employees were properly trained in the identification of inmates with injuries, when to render aid to an inmate, and to train its employees to report employee abuse of inmates. This failure constitutes a policy, practice, or custom of deliberate indifference.

68. The actions and omissions of the CCA staff members were done with actual malice toward the Plaintiff and with willful and wanton disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled to actual damages, and attorney's fees pursuant to 42. U.S.C § 1988.

## NEGLIGENCE

9

69. Plaintiff incorporates fully ¶¶ 1-64 as if fully set out herein and avers that such actions and omissions on the part of Defendants constitutes a violation of this law for which they are individually and jointly liable.

WHEREFORE, the Plaintiff demands judgment against the Defendants and requests the following relief:

A. That the Court award compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000);

B. That the Court award costs, and discretionary costs;

C. Any other relief the Court may deem fit and proper;

D. Any other relief the Court may deem fit and proper pursuant to 42 U.S.C §1988 and

E. Allow a jury trial on all issues triable by jury.

BRANDY SPURGIN, ATTORNEY AT LAW

By: *[signature]*
Brandy Spurgin (BPR #030434)
Attorney for Plaintiff
P.O. Box 6242
Chattanooga, TN 37401
(423) 521-0044 Phone
(423) 402-9471 Fax

10

# State of Tennessee
## In the Circuit Court of Hamilton County

CHRISTOPHER CORVIN
Plaintiff

v.                                NO. 14C1396

CORRECTIONS CORPORATION OF AMERICA, INC
& HAMILTON COUNTY GOVERNMENT
Defendants

## SUMMONS

TO: **CORRECTIONS CORPORATION OF AMERICA, INC SERVE REGISTERED AGENT: C T CORPORATION SYSTEM (SERVE BY KNOX COUNTY SHERIFF) AT: 800 S GAY STREET, STE 2021, KNOXVILLE, TN 37929-9710**
Defendant           Address

**HAMILTON COUNTY GOVERNMENT SERVE MAYOR JIM COPPINGER: 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402**
Defendant           Address

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 24th day of November, 2014.

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Larry L. Henry, Circuit Court Clerk

BY: H. Novker
DEPUTY CIRCUIT COURT CLERK

Attorneys for Plaintiff: Brandy Spurgin, Attorney at Law

Plaintiff's Address: P.O. Box 6242, Chattanooga, TN 37401

Received this _____ day of _____, 2014.

/s/ _____
Deputy Sheriff

# State of Tennessee
## In the Circuit Court of Hamilton County

CHRISTOPHER CORVIN
            Plaintiff

v.                                    NO. 14C1396

CORRECTIONS CORPORATION OF AMERICA, INC
& HAMILTON COUNTY GOVERNMENT
            Defendants

## SUMMONS

TO: **CORRECTIONS CORPORATION OF AMERICA, INC SERVE REGISTERED AGENT: C T CORPORATION SYSTEM (SERVE BY KNOX COUNTY SHERIFF) AT: 800 S GAY STREET, STE 2021, KNOXVILLE, TN 37929-9710**
    Defendant        Address

**HAMILTON COUNTY GOVERNMENT SERVE MAYOR JIM COPPINGER: 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402**
    Defendant        Address

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Circuit Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Circuit Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 24th day of November, 2014.

CIRCUIT COURT OF HAMILTON COUNTY
500 COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402
423/209-6700

Larry L. Henry, Circuit Court Clerk

BY: H. Novkw
    DEPUTY CIRCUIT COURT CLERK

Attorneys for Plaintiff: Brandy Spurgin, Attorney at Law

Plaintiff's Address: P.O. Box 6242, Chattanooga, TN 37401

Received this _____ day of _____, 2014.

/s/ _____
    Deputy Sheriff

# State of Tennessee,
## County of Hamilton

I Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is true and correct of the original writ of summons issued in this case.

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## OFFICER'S RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, November 24th, 20 14, I delivered a copy of the summons and complaint to the defendant, Hamilton County Government care of County Attorney's office Sharon Milling legal assistant

☐ Fail to serve this summons within 30 days after its issuance because:

_____
~~Deputy Sheriff~~

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____, 20_____.

_____
Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

FILED IN OFFICE 2014 DEC 12 AM 11: 09 LARRY L. HENRY, D.C.

### Notice to Defendant(s)
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the times you with to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued in the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may with to see counsel of a lawyer.

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| CHRISTOPHER CORVIN, | ) JURY DEMAND |
|    *Plaintiff,* | ) |
| v. | ) DOCKET NO.:14C1396 |
| CORRECTIONS CORPORATION OF AMERICA, INC., and | ) |
| HAMILTON COUNTY GOVERNMENT, | ) DIVISION: IV |
|    *Defendants.* | ) |

## AFFIDAVIT OF SERVICE

Comes Tessa Courtney, having first being duly sworn and says:

1. I am over the age of eighteen (18).

2. Hamilton County Government was served with the Summons in the above matter on November 24, 2014 by personal service. It was delivered to 625 Georgia Avenue, Chattanooga, TN 37402.

3. Attached is the original summons for the above matter.

Further, affiant saith not.

                                                AFFIANT/ TESSA COURTNEY

Sworn to and subscribed before me this

12th day of December, 2014.

Notary Public: Ronda Martin

My commission expires: 8/26/2017

1